## TUNICK v. JASPER.

(Supreme Court, Appellate Term, First Department.   October 25, 1915.)

BILLS AND NOTES ⬒537—ACTIONS—QUESTIONS FOR JURY.

Assuming that an indorser of a note, writing his name "Jasper" so that it looked like "Jager," was chargeable with the failure to receive the notice of protest by reason of his own negligence, the question whether the signature looked like "Jasper" or "Jager" was one for the jury, or at least no other view could be taken, where the fac simile reproduction of the signature was not in the record on appeal.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1862–1893; Dec. Dig. ⬒537.]

Appeal from City Court of New York, Trial Term.

Action by Isidor S. Tunick against Morris Jasper. From a judgment in favor of plaintiff upon a verdict directed by the court, and from an order denying defendant's motion to set aside the verdict, defendant appeals. Reversed, and new trial granted.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

A. S. Marcuson, of New York City, for appellant.

Samuel Silinsky, of New York City (Henry Kuntz and Abraham P. Wilkes, both of New York City, of counsel), for respondent

BIJUR, J.   This action was brought against the defendant as the indorser of a promissory note. Defendant denied that he had received notice of protest, and served the affidavit to that effect provided for by section 923 of the Code.   Defendant claimed that his indorsement was procured by fraud, and that consequently, under section 98 of the Negotiable Instruments Law (Consol. Laws, c. 38), the burden was placed upon the plaintiff to prove that he had acquired title as a holder in due course.   Sections 91 and 94.   Nevertheless the learned trial judge refused to permit defendant to testify to the alleged misrepresentations under which he had been induced to indorse the note, and directed a verdict against him.

Respondent seeks to justify the result by urging that defendant's name was so badly written by him on the back of the note that it looked like Morris Jager, and that consequently the notary who directed the notice of protest to the latter name exercised due diligence, or, what is the same in effect, that the defendant is chargeable with the failure to receive the notice by reason of his own "negligence."   For these startling propositions respondent cites no authority; but, even assuming them to be justified, the question whether the signature looked like "Jasper" or "Jager" was one for the jury.   At least we can take no other view, in the absence of the fac simile reproduction of the signature in the record on appeal.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.   All concur.